LDA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UVEX SPORTS, INC.,
Petitioner,

v.

TOM HOLT

and

PACIFIC SALES WEST, INC.
Respondents

C.A. No. ______________

CA 06 475ML

**UVEX SPORTS, INC.'S PETITION FOR ORDER COMPELLING ARBITRATION PURSUANT TO 9 U.S.C.A. § 4**

**Parties**

1. Petitioner, Uvex Sports, Inc. ("Uvex"), is a corporation duly incorporated under the laws of the State of Rhode Island, having its principal place of business in Rhode Island.

2. On information and belief, Respondent, Tom Holt ("Holt"), is a citizen of the State of Washington.

3. On information and belief, Respondent, Pacific Sales West, Inc. ("PSW"), is a corporation duly incorporated under the laws of Washington, having its principal place of business in the State of Washington.

**Jurisdiction**

4. This Court has jurisdiction to hear this petition pursuant to 9 U.S.C. §§ 1, et seq., and under 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

## Facts

5. Uvex and Holt, on behalf of PSW ("Respondents"), entered a written contract on March 1, 2005 (the "Contract"). Pursuant to that contract, Respondents agreed to serve as Uvex's independent sales representative for Costco, a national retailer. A copy of the Contract is attached as Exhibit 1 and made a part hereof by reference.

6. The Contract provided that it would be governed and construed according to Rhode Island law.

7. The Contract concerned and evidenced transactions in commerce within the meaning of 9 U.S.C. §§ 1, et seq., as shown by the following facts:

a. The Contract was made by a Rhode Island Company and a Washington resident and company.

b. Uvex manufactures glasses and other winter sports equipment ("Products") that are sold within interstate commerce.

c. The purpose of the contract was to facilitate Uvex's relationship with Costco, a Washington company that does business throughout the country.

d. The direct result and intention of the Contract was to increase interstate sales of Uvex's Products.

8. The Contract contains the following arbitration provision for settling by arbitration any controversy arising out of such contracts in Section XVII:

> "**Dispute Resolution.** . . . any disputes arising out of or relating to this Agreement, or concerning the validity, interpretation, breach, or violation or termination hereof, ***will be finally and conclusively settled by arbitration. The arbitration will be held in Providence, Rhode Island***, pursuant to the commercial arbitration rules of the American Arbitration Association ("AAA") before a single arbitrator. The arbitrator will decide the claims on the basis of applicable legal principles and will have discretion to award costs and fees, including reasonable attorney's fees, to the prevailing party. It is agreed that the determination or

> award of the arbitrator may be entered as a judgment in any court sitting within the State of Rhode Island that has jurisdiction over the subject matter. The parties understand and acknowledge that their presence is and will be required at times within the State of Rhode Island in order to perform their obligation under this Agreement. As such, the parties further irrevocably submit to the personal jurisdiction of any such arbitrator and/or arbitration proceeding." *(Emphasis added.)*

9. A controversy has arisen under the contract, and now exists, regarding Respondents' demand for additional commissions allegedly owed by Uvex under the contract.

10. Uvex denies that it owes Respondents' any further commission.

11. On October 13, 2006, Respondents' attorney mailed a letter to Uvex, threatening to bring action in Washington, in direct contradiction to the arbitration provision in the Contract.

12. On October 19, 2006, Respondents' attorney faxed papers to Uvex purporting to evidence an action filed by Respondents in Washington State Court seeking to compel arbitration with Uvex in the State of Washington, and not in Rhode Island as expressly called for in the contract between the parties.

13. On information and belief, Respondents have not actually filed a demand for arbitration in Washington with the American Arbitration Association or paid the filing fee associated therewith.

14. Uvex has made a Demand for Arbitration, filed in accordance with both the contractual arbitration provision and AAA Rules, on October 25, 2006.

15. Respondents' demands and correspondence demonstrate that they do not intend to arbitrate the dispute in Rhode Island in accordance with the contractual arbitration provision.

16. Pursuant to the Contract, the proper venue for arbitration is Rhode Island.

17. Uvex has been and will be damaged and deprived of its rights under the Contract by Respondents' pursuit of arbitration in Washington.

18. Pursuant to 9 U.S.C. § 1, et seq., this Court is the proper Court to order arbitration to proceed in Rhode Island under federal law and pursuant to the contract between the parties.

**WHEREFORE**, Petitioner Uvex Sports, Inc. moves for an order:

(a) directing Respondents Tom Holt and Pacific Sales West, Inc. to proceed to arbitration forthwith in accordance with the terms of its written agreements in Rhode Island before the American Arbitration Association;

(b) staying any other court proceedings related to these disputes and/or enjoining respondents from pursuing any other such proceedings until the conclusion of that arbitration; and

(c) for costs, attorneys fees and such other and further relief as may be just and proper.

UVEX SPORTS, INC.,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Alicia J. Byrd (#7316)
Howard Merten (#3171)
180 South Main Street
Providence, RI 02903
401-861-8200 (Phone)
401-861-8210 (Fax)

October 26, 2006

881976_1